# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY ORLIN STIRES, | |
| Petitioner, | CIVIL ACTION |
| v. | No. 09-1366 |
| PAUL K. SMEAL, et al., | |
| Respondents. | |

## MEMORANDUM/ORDER

Petitioner Stanley Orlin Stires seeks habeas corpus relief under 28 U.S.C. § 2254. Petitioner challenges his state convictions for driving under the influence of alcohol and resisting arrest, asserting that (1) his arrest was unlawful, (2) he was denied his constitutional right to counsel, (3) his pre-trial, trial, and appellate counsel were ineffective, (4) the prosecution committed misconduct, and (5) three state court judges abused their discretion. On June 11, 2009, this court referred the petition to United States Magistrate Judge L. Felipe Restrepo for a Report and Recommendation ("R&R"). *See* Docket No. 5. On June 29, 2009, Judge Restrepo issued an R&R (Docket No. 6) recommending that the petition be dismissed without prejudice for the failure to exhaust state remedies. The next day, petitioner filed a Motion to Defer Filing of the Report and

1

Recommendation (Docket No. 7),[1] and on July 31, 2009, petitioner filed objections to the R&R (Docket No. 9) and a contemporaneous motion to stay this action pending the exhaustion of his state remedies (Docket No. 10).[2]

The R&R recommends dismissing the petition without prejudice because "the [Pennsylvania Court of] Common Pleas docket indicates and petitioner acknowledges in his habeas petition that PCRA proceedings are currently pending." R&R at 5. Stires's PCRA petition currently remains before the state courts, but petitioner seeks a stay of this action instead of dismissal on the basis of his claim "that a Sentence Termination without reversal of fraudulently achieved convictions could occur in the State Courts." Objections at 2. In particular, Stires avers that "the reversal of one or another of [his] convictions without a reversal of all convictions could result in the expiration of [his] sentence" before federal review would be possible. Mot. to Stay at 1-2.

Petitioner's request for a stay traces to a 2005 decision of the Supreme Court confirming that a stay of an unexhausted petition is appropriate "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). *Rhines*, however, only considered

---

[1] Given that this motion was filed after Judge Restrepo's R&R, it will be dismissed as moot.

[2] Petitioner's objections include language which I construe as a request to extend the time to file the objections. *See* Objections at 2 ¶ 5. So construed, the request will be granted *nunc pro tunc*.

mixed habeas petitions – that is, petitions presenting both exhausted and unexhausted claims. Stires's petition, by contrast, appears to present *no* exhausted claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); R&R at 3 ("Petitioner acknowledges that he did not seek allowance of appeal in the Supreme Court of Pennsylvania on direct appeal."). Nevertheless, in September 2009 – after Judge Restrepo issued his R&R in this case – the Third Circuit concluded that a stay under *Rhines* may be appropriate even when a petition presents solely unexhausted claims. *See Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (reversing the district court's decision that wholly unexhausted petitions could not be stayed and remanding for consideration of the *Rhines* test). Stires's petition is thus not categorically excluded from the possibility of a stay pending exhaustion of petitioner's state-court remedies.

Because it is not immediately clear from the existing record before this court whether or not Stires is entitled to a stay as opposed to dismissal, it is, this 25th day of March, 2010, hereby **ORDERED** as follows:

(1) Petitioner's Motion to Defer Filing of the Report and Recommendation (Docket No. 7) is **DISMISSED AS MOOT**;

(2) Petitioner's request for an extension of time to file objections to the Report and Recommendation (Docket No. 9) is **GRANTED** *nunc pro tunc*; and

3

(3) Within thirty (30) days of the date this order is filed, the state shall file a response to the petition addressing the question of whether the petition should be stayed pending exhaustion of petitioner's state court remedies in light of *Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009). Petitioner may file a reply in support of his request for a stay no later than thirty (30) days after the state's response is filed.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.
