# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY ORLIN STIRES,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JON D. FISHER, et al.,<br><br>　　　　　　Respondents. | CIVIL ACTION<br><br>No. 09-1366 |

**MEMORANDUM/ORDER**

On June 29, 2009, United States Magistrate Judge L. Felipe Restrepo filed a Report and Recommendation ("R&R") (Doc. No. 6) recommending that petitioner Stanley Orlin Stires's Petition for Writ of Habeas Corpus (Doc. No. 1), filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice for failure to exhaust state court remedies. In so recommending, Judge Restrepo relied on the fact that petitioner had filed a still-pending state habeas petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). *See* R&R at 3-4. On July 31, 2009, petitioner filed both (1) objections to the R&R (Doc. No. 9 ), and (2) a Motion to Stay Action Pending Exhaustion of State Remedies (Doc. No. 10). On March 25, 2010, this court issued a memorandum/order noting that, after Judge Restrepo issued the R&R, the Third Circuit held that unexhausted § 2254 petitions may, under certain circumstances, be stayed instead of dismissed. *See* Doc. No. 11, at 3 (citing *Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009)). Accordingly, this court ordered respondents to file a response addressing the question of whether

or not Stires's petition should be stayed. On May 28, 2010, respondents complied (Doc. No. 14); petitioner filed a reply (Doc. No. 15) on June 4, 2010.

Petitioner concedes that his claims remain unexhausted. *See* Mot. to Stay at 1-2. Petitioner's objections and motion to stay nevertheless argue that, if this court dismisses rather than stays this petition, his sentence might expire before the final disposition of his PCRA petition, effectively depriving him of federal review. Respondents reply that, because Stires's maximum sentence will not expire until January 31, 2012, he will have sufficient time to file a new § 2254 petition after his state court remedies have been exhausted.

In order to qualify for a stay instead of outright dismissal, petitioner must "satisf[y] the three requirements for a stay as laid out [by the Supreme Court] in *Rhines* [*v. Weber*, 544 U.S. 269 (2005)]: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." *Heleva*, 581 F.3d at 192. I assume *arguendo* that a § 2254 petitioner's impending release could, under certain circumstances, constitute good cause for the failure to exhaust because "[a] federal court has jurisdiction to entertain a [§ 2254] petition . . . only if a petitioner is *in custody* in violation of the constitution or federal law." *Leyva v. Williams*, 504 F.3d 357, 362 (3d Cir. 2007) (emphasis supplied and internal quotation marks omitted). Nevertheless, to show good cause, Stires must establish that, if his petition were dismissed, he would be unable to "litigate his claims once he . . . properly exhaust[s] state remedies." *Patton v. Cameron*, No. 09-cv-1178, 2010 WL 724007, at *7 (M.D. Pa. Mar. 1, 2010) (discussing good cause in the context of the statute of limitations). This Stires has not done: He has not substantiated his belief that he will be released from custody before filing his federal petition by presenting evidence to show either that (1) he will be released from custody before his sentence

expires on January 31, 2012, or (2) his PCRA petition will be still pending at that time. Moreover, the nineteen months remaining before the expiration of Stires's maximum sentence provide ample time for the Pennsylvania courts to complete their review of petitioner's PCRA petition – or, barring such completion, for Stires to refile his federal petition and again seek a stay on the grounds that his discharge is imminent. Accordingly, he is not entitled to a stay under *Heleva*.

That does not end the matter, however, because AEDPA's exhaustion requirement is excused when "circumstances exist that render [state court processes] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). This exception may be triggered if there is an "inordinate delay" in state proceedings: Such a "delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required." *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004). In his reply, Stires claims for the first time that his PCRA petition has now been pending in the state courts for 4½ years and that "state[-]created delays and impediments continue to preclude a viable state remedy." Reply at 4, 9. This is a claim that exhaustion should be excused because of an inordinate delay, and respondents have not yet had an opportunity to respond to this argument. Accordingly, respondents will be afforded twenty days in which to do so.

**AND NOW**, this 30th day of June, 2010, it is hereby **ORDERED** that the district attorney for Northampton County shall, within twenty (20) days of the date this Order is filed, file a response to the petition addressing the questions of (a) whether there has been an inordinate delay in processing Stires's PCRA petition, and (b) assuming there has been such a delay, whether petitioner should nevertheless be required to exhaust his state court remedies.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.