# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY ORLIN STIRES,<br><br>   Petitioner,<br><br>v.<br><br>JON D. FISHER, et al.,<br><br>   Respondents. | CIVIL ACTION<br><br>No. 09-1366 |

## MEMORANDUM/ORDER

Petitioner Stanley Orlin Stires seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. On June 29, 2009, United States Magistrate Judge Felipe L. Restrepo issued a Report and Recommendation ("R&R") (Dkt. No. 6) recommending that, in light of Stires's still-pending State Post Conviction Relief Act ("PCRA") petition, the § 2254 petition be dismissed without prejudice for failure to exhaust state court remedies. On July 31, 2009, Stires filed objections to the R&R (Dkt. No. 9) and a Motion to Stay Action Pending Exhaustion of State Remedies (Dkt. No. 10). On March 15, 2010, this court ordered (Dkt. No. 11) respondents to file a response addressing the question of whether or not Stires's motion should be stayed pursuant to the Third Circuit's opinion in *Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009). Respondents complied on May 28, 2010

(Dkt. No. 14),[1] and on June 4, 2010, Stires filed a brief (Dkt. No. 15) with additional evidence in support of his motion to stay.

In a memorandum dated June 30, 2010 (Dkt. No. 17), this court rejected Stires's theory that he is entitled to a stay because his allegedly impending release would preclude him from seeking post-exhaustion relief in federal court, but noted that Stires's June 4, 2010 brief also included a claim that the state had unduly delayed ruling on his PCRA petition. I therefore ordered respondents to file a further response addressing the questions of whether (a) there has been an inordinate delay in processing Stires's petition, and, if so, (b) whether petitioner should nevertheless be required to exhaust his state court remedies. Respondents did so on July 28, 2010 (Dkt. No. 19).[2]

In his June 4, 2010 brief, Stires claims that he should be excused from having to exhaust his state court remedies because state-created delays and impediments preclude a viable state remedy. *See* Reply at 4, 9. This argument is grounded in an exception to the general rule that a federal court "may not entertain a petition for a writ of habeas corpus

---

[1] Petitioner states that he never received a copy of this document, and it is not clear that respondents served their most recent submission on Stires. Accordingly, the Clerk will be directed to forward a copy of both of respondents' filings to petitioner, and henceforth, respondents must take pains to insure that petitioner is served with copies of their filings in this case.

[2] On July 19, 2010, Stires filed a document captioned as a Motion for Reconsideration of the June 30, 2010 memorandum/order (Dkt. No. 18). This motion will be denied, because it does not actually challenge any of the determinations reached in this court's June 30, 2010 memorandum. However, the motion does include evidence relevant to Stires's "inordinate delay" argument, which I consider for purposes of this memorandum.

unless the petitioner has first presented each of his claims to the state's highest tribunal." *See Lee v. Stickman*, 357 F.3d 338, 340 (3d Cir. 2004) (citations omitted). Because exhaustion "is not a jurisdictional matter but a matter of comity," *id.* at 341 (citing *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994)), "[f]ederal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy," *Story*, 26 F.3d at 405; *see also* 28 U.S.C. § 2254(b)(1)(B). A state remedy may be rendered effectively unavailable by, among other things, "[i]nexcusable or inordinate delay by the state in processing claims for relief." *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986). When "such a delay has rendered the state remedy ineffective to protect the rights of the petitioner," the burden shifts to the state to demonstrate why exhaustion should still be required. *Id.*

In *Lee v. Stickman*, 357 F.3d 338 (3d Cir. 2004), for example, the Third Circuit excused the exhaustion requirement on the ground of "inordinate delay" because the petitioner had shown that, at the time he filed his federal petition, his PCRA petition "had been before the Pennsylvania state courts for almost eight years with no resolution." 357 F.3d at 343. *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir. 1986), meanwhile, presents the "shortest delay" ever held by the Third Circuit to be inordinate. *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002). In *Wojtczak*, the Court of Appeals found that a lack of any activity on a PCRA petition for the first thirty-three months after it was filed constituted an inordinate delay sufficient to obviate the exhaustion requirement. *Wojtczak*, 800 F.2d

at 354. In doing so, the Third Circuit rebuffed the argument that the petitioner was responsible for any delays because of "his inability to cooperate with his lawyers," instead holding that the delays were caused by "disinterest on the part of court appointed counsel and [by] a failure on the part of the court to require [counsel] to provide minimally effective representation." *Id.* at 356. In *Cristin v. Brennan*, 281 F.3d 404 (3d Cir. 2002), by contrast, the Third Circuit rejected a claim that a twenty-seventh month delay in resolving a PCRA petition made relief in state court "effectively unavailable" under *Wojtczak*. *Id.* at 404. In so holding, the Court of Appeals both declined to "further reduce the threshold" set by *Wojtczak* "of delay making state court processes ineffective" and noted that, unlike in *Wojtczak*, the state courts "were responsive to Cristin's case, had held argument, and offered a hearing." *Id.*

In this case, the Northampton County Common Pleas Court Docket shows that Stires's judgment of sentence was affirmed by the Pennsylvania Superior Court on February 25, 2008. *See* Common Pleas Ct. Dkt. No. CP-48-CR-556-2005 ("Comm. Pl. Dkt."), at 18. Stires filed his first PCRA petition roughly one month thereafter, on March 26, 2008. *Id.* The petition was denied fifteen months later, on June 26, 2009. *Id.* at 27. In light of *Cristin*, this fifteen month interval does not constitute an inordinate delay, especially since, during that time, the PCRA court held multiple hearings and, on at least one occasion, directed Stires's counsel to file an amended petition on his behalf. *See id.* at 18-27. Further, while Stires's appeal from the PCRA court's denial of his petition

remains pending before the Superior Court, any delay in ruling on Stires's appeal is due in substantial part to (1) Stires's motion to seek leave to appeal *nunc pro tunc* from the denial of his petition after he (or his counsel) failed to do so timely, *see id.* at 28-29, and (2) a dispute concerning the supplementation of the record on appeal, *see id.* at 32-35. The state courts promptly addressed both of these motions. Accordingly, the Superior Court's delay in ruling also does not, as of this writing, demonstrate that state remedies are effectively unavailable to petitioner.

As Stires has not presented any further arguments in support of his request for a stay, this court would normally dismiss his federal petition without prejudice pending exhaustion of his state court remedies. It appears, however, that Stires might be barred by the statute of limitations from refiling a federal petition if his current petition were dismissed. Unless one of several rare circumstances applies, a § 2254 petition must be filed no later than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," *id.* § 2244(d)(2), but, in this case, it is unclear whether Stires's petition remains properly filed before the state courts. After the PCRA court denied the state petition on June 26, 2009, Stires did not immediately appeal. In fact, it seems that Stires did not file an appeal until after the PCRA court issued an order,

dated September 14, 2009, granting Stires the right to appeal to the Superior Court *nunc pro tunc* within thirty days. Common Pls. Dkt. 29. Stires's appeal was then filed on October 16, 2009. *See id.* at 30.

Assuming that this sequence of events resulted in Stires's appeal being improperly filed, the one-year statute of limitations in § 2244 may now have run, leaving Stires without an opportunity to re-file a federal petition if the current petition were to be dismissed. The parties have not yet addressed this issue, however, and Judge Restrepo – whose R&R was issued before the PCRA court denied Stires's petition – has also had no occasion to consider the statute of limitations question. Accordingly, this court will remand Stires's petition, and his motion for a stay, to Judge Restrepo for a supplemental R&R addressing (1) whether Stires's PCRA petition remains properly filed before the Pennsylvania state courts, and (2) whether, if Stires's appeal to the Superior Court was not properly filed, his federal petition should be stayed instead of dismissed on statute of limitations grounds.

For these reasons, it is, this 6th day of August, 2010, hereby **ORDERED** as follows:

(1) Petitioner Stanley Orlin Stires's motion for reconsideration (Docket No. 18), is **DENIED**;

(2) The Clerk is directed to mail petitioner a copy of Docket Nos. 14 and 19 to petitioner along with a copy of this Memorandum/Order; and

(3) The Petition for Writ of Habeas Corpus (Docket No. 1) and petitioner's Motion to Stay Action Pending Exhaustion of State Remedies (Docket No. 10) are **REMANDED** to United States Magistrate Judge L. Felipe Restrepo for a supplemental Report and Recommendation addressing (1) whether petitioner's PCRA petition remains properly filed before the Pennsylvania state courts, and (2) whether, if Stires's appeal was not properly filed, his federal petition should be stayed instead of dismissed on statute of limitations grounds.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.
